Argued October 9, affirmed November 30, 1972

# MACKRILL ET AL, *Appellants, v.* TRUCK INSURANCE EXCHANGE ET AL, *Respondents.*

503 P2d 672

*Eugene L. Parker,* Portland, argued the cause for appellants.

*L. M. Schouboe,* Portland, argued the cause for respondents.

HOWELL, J.

This is a suit to reform an insurance contract to eliminate an endorsement which excluded coverage for the minor son of plaintiff L. B. H. Steffens. The trial court found for defendants, and plaintiffs appeal. Defendant Barnes is the agent of defendant Truck Insurance Exchange, and we will refer to the latter as if it were the only defendant.

Plaintiffs are partners operating a service station and auto parts business. In 1952 plaintiffs procured from defendant a general comprehensive and liability policy covering all vehicles owned or operated by plaintiffs.

One of the automobiles covered by the policy was a 1952 Plymouth sedan which was used by Dannie Steffens, the minor son of one of the partners. In 1961 Dannie was involved in an accident, and the defendant increased the rate of coverage. In 1962 Dannie had another accident, and defendant decided to "restrict the policy in regards to Dannie." Subsequently, Dannie secured other insurance in his own name for the 1952 Plymouth.

The facts thereafter are in dispute. Plaintiffs contend that defendant advised them that only Dannie's car was being taken off the policy, and that plaintiffs would still be covered for Dannie's actions in driving cars while working at the station. Defendant contends that plaintiffs were advised that Dannie was to be completely removed from coverage, including

the driving of any cars in the operation of plaintiffs' business.

After advising plaintiffs of the action contemplated against Dannie, defendant sent to plaintiffs the following endorsement which was executed both by plaintiffs and defendant:

"RESTRICTION ENDORSEMENT (PERSON)

"In consideration of the waiver by the Exchange, for a period of thirty days from the date hereof, of its right to cancel this policy for any reason, except failure of the named insured to pay the required premium, it is agreed that such coverage as is afforded by this policy shall not apply to any loss arising out of the operation of any automobile by

DANNY STEFFENS
_____
Name

"Accepted by ___/s/ Lee B. H. Steffens___
Named Insured

TRUCK INSURANCE EXCHANGE

Countersigned

Frank A. Letheman
_____
Authorized Representative"

On February 27, 1967, Dannie was involved in another accident while operating one of plaintiffs' automobiles. An action was brought against plaintiffs, and defendant denied coverage. Plaintiffs paid the judgment and filed this suit to reform the insurance contract to limit the restrictive endorsement only to the operation of the 1952 Plymouth.

The plaintiffs contend that they executed the en-

dorsement as a result of a mistake coupled with inequitable conduct on the part of defendant.

The trial court found that plaintiffs had failed to sustain their burden of proof. We have reviewed the record and we agree.

Plaintiff Steffens contends that he did not read the endorsement before signing it. This court has held:

> "As with other contracts of adhesion, in the absence of special circumstances an insured is bound by the terms of an insurance policy purchased by him even though he is unaware of those terms because he has failed to read the policy, or having read the policy misunderstands it." *Knappenberger v. Cascade Ins. Co.*, 259 Or 392, 398, 487 P2d 80 (1971) (footnote omitted).

We also stated in that case:

> "Where one is asked to sign an instrument which has no purpose other than to memorialize some kind of an agreement between the parties, he is bound by the instrument he signs in the absence of evidence showing that he was misled or that there were other circumstances excusing him from scrutinizing the instrument. It is no defense to show that he did not read the instrument he signed." 259 Or at 399.

The evidence of the intention of the parties is in direct conflict. We agree with the finding of the trial court that the endorsement executed by plaintiffs is highly persuasive. The endorsement clearly and succinctly states that coverage under the policy does not apply to *any* loss arising out of the operation of *any* automobile operated by Dannie.

While we try this suit de novo, we do give substantial weight to the findings of the trial court. We

agree that the proof does not establish mistake on plaintiffs' part or inequitable conduct by defendant.[1]

Affirmed.

---

[1] The plaintiff also contends that because he signed and sent both copies of the endorsement back to defendant, the endorsement did not become a part of his policy because of lack of delivery. This contention is equally without merit.